**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO:**

ANDRE MEJIA, CHRIS KERTESZ,
and all others similarly situated
under 29 U.S.C. § 216(b),

vs.

THE COMMERCIAL DRIVER'S LICENSE
SCHOOL INC., a New York corporation,
ALBERT V. HANLEY III, individually, and
MICHAEL HANLEY, individually,

      Defendants.
_____/

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

Plaintiffs, ANDRE MEJIA ("MEJIA"), CHRIS KERTESZ ("KERTESZ") ("Plaintiffs"), on behalf of themselves and all others similarly situated under 29 U.S.C. § 216(b), hereby file this Collective Action Complaint for Damages and Demand for Jury Trial against COMMERCIAL DRIVER'S LICENSE SCHOOL, INC. ("CDL"), ALBERT V. HANLEY III ("A. HANLEY"), and MICHAEL HANLEY ("M. HANLEY"), and allege as follows:

**INTRODUCTION**

1. Defendants, CDL, A. HANLEY, and M. HANLEY (collectively the "Defendants") have unlawfully deprived Plaintiffs, MEJIA, KERTESZ, CHRIS KERTESZ, and all other employees similarly situated, of overtime compensation during the course of their employment. During the relevant time period, Defendants enacted and enforced a uniform policy across the United States, in which they failed to comply with the overtime

requirements of the FLSA during driver instructor training periods for Plaintiffs and similarly situated employees. This action arises under the federal Fair Labor Standards Act ("FLSA"), pursuant to 29 U.S.C. §§ 201-216, to recover all wages owed to Plaintiffs, and those similarly situated to Plaintiffs across the United States, during the course of their employment.

## PARTIES

2. During all times material hereto, Plaintiff, MEJIA, was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Plaintiff, KERTESZ, was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris.*

4. During all times material hereto, CDL was a New York for-profit corporation located and transacting business within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

5. During all times material hereto, A. HANLEY was an individual residing in and/or operating business in the State of Florida within the jurisdiction of this Court, was an owner/operator of CDL, over the age of 18 years, and was vested with ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for CDL during the relevant time period. A. HANLEY is also President of the company and therefore a corporate officer of CDL.

6. During all times material hereto, M. HANLEY was an individual residing in and/or operating business the State of Florida within the jurisdiction of this Court, was an owner/operator of CDL, over the age of 18 years, and was vested with ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices

for CDL during the relevant time period. During the relevant time period, M. HANLEY was also the Vice President of the company and therefore a corporate officer of CDL.

7. Defendant, CDL, was MEJIA's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

8. Defendant, CDL, was KERTESZ's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

9. Defendant, A. HANLEY, was MEJIA's employer as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

10. Defendant, A. HANLEY, was KERTESZ's employer as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

11. Defendant, M. HANLEY, was MEJIA's employer as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

12. Defendant, M. HANLEY, was KERTESZ's employer as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

**JURISDICTION AND VENUE**

13. All acts and omissions giving rise to this dispute took place within Miami-Dade County, Florida, which falls within the jurisdiction of this Honorable Court. Other similarly situated individuals have been harmed in at least six (6) other states.

14. Defendant, CDL, is headquartered and regularly transacts business in Miami-Dade County, Florida, and jurisdiction is therefore proper within Miami-Dade County, Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

15. Venue is also proper pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

16. During the relevant time period, Defendant, CDL, owned a commercial driver's license training school that operated in Florida, Georgia, North Carolina, Washington, New York, Texas, and Oklahoma.

17. Defendant, CDL, began operating its commercial driver's license training school in the State of Florida in or around 1995.

18. Defendant, CDL, employs individuals such as Plaintiffs, and others similarly situated, to teach students how to drive commercial trucks in Miami-Dade County within the State of Florida, and elsewhere throughout the country.

19. Immediately after the date of hire, and for a period of at least six (6) weeks, CDL required Plaintiffs, and all others similarly situated, to attend training sessions with CDL.

20. During the six (6) weeks of these training sessions, Plaintiffs, and all others similarly situated, never instructed or taught any students.

21. During the six (6) weeks of these training sessions, teaching and/or instructing was not the primary duty of Plaintiffs, and all others similarly situated.

22. On information and belief, the tractor-trailer trucks used by Defendant, CDL, do not leave or cross state lines, but rather are local in nature and confined to the geographic limits of each CDL location. Moreover, the tractor-trailer trucks did not transfer goods or materials through interstate or intrastate travel.

23. Defendant, CDL, ceased operations as a commercial truck driving school on or about December 16, 2018, when all of its assets were purchased by a different entity.

24. During their employment, Plaintiffs, and all others similarly situated, were treated as non-exempt employees entitled to receive overtime under federal law.

## FLSA COVERAGE

25. Defendant, CDL, is covered under the FLSA through enterprise coverage, as CDL was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, CDL's business and KERTESZ's and MEJIA's work for CDL affected interstate commerce because the goods and materials KERTESZ and MEJIA and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to KERTESZ's and MEJIA's use of the same. Accordingly, CDL was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

26. During their employment with CDL, A. HANLEY, and M. HANLEY, the Plaintiffs, MEJIA, and KERTESZ and multiple other employees, handled and worked with various good and/or materials that have moved through interstate commerce, including, but not limited to the following: computers, notepads, pens, pencils, cellular phones, school buses, orange driving cones, plastic driving barriers, etc.

27. Defendant, CDL, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by KERTESZ and MEJIA, thus CDL's business an enterprise covered by the FLSA.

28. Upon information and belief, Defendant, CDL, grossed or did business in excess of $500,000.00 during the years of 2016, 2017, and 2018.

29. During the relevant time period alleged herein, KERTESZ and MEJIA and all others similarly situated were non-exempt employees of CDL, A. HANLEY, and M. HANLEY within the meaning of the FLSA.

## PLAINTIFFS WORK FOR DEFENDANTS

30. Plaintiff, MEJIA, began working for CDL in or around August 2018 and continued to do so until December 16, 2018.

31. Plaintiff, KERTESZ, began working for CDL in September 2018 and continued to do so until on or about December 16, 2018.

32. Immediately after his date of hire, and for a period of at least six (6) weeks, Defendants, CDL, A. HANLEY, and M. HANLEY, required MEJIA, and all other similarly situated driving instructor trainees, to attend daily training sessions. During these training sessions, Plaintiff, MEJIA, and all others similarly situated, worked over forty (40) hours in each of the training weeks.

33. Immediately after his date of hire, and for a period of at least six (6) weeks, Defendants, CDL, A. HANLEY, and M. HANLEY, required KERTESZ, and all other similarly situated driving instructor trainees, to attend daily training sessions. During these training sessions, Plaintiff, KERTESZ, and all others similarly situated, worked over forty (40) hours in each of the training weeks.

34. As compensation for these training sessions, Plaintiffs, and all others similarly situated, were paid a flat rate of $700.00 per week regardless of the number of hours worked.

35. During this training period, Plaintiffs, and all others similarly situated, were non-exempt hourly employees entitled to receive overtime under federal law.

36. During this period of MEJIA's and KERTESZ's employment with the Defendants, the Defendants refused to compensate MEJIA and KERTESZ, and all others similarly situated, at the proper overtime rate of time-and-one-half required by the FLSA for all hours worked in excess of forty (40) during the relevant time period.

## CLASS ALLEGATIONS

37. Defendants' policy, practice, and pattern of depriving their Driving Instructor Trainees of overtime compensation during the six (6) week training period extended to all Driving Instructor Trainees in the United States during each respective individual's training period at CDL.

38. All new driving instructors at CDL during the past three (3) years were required to undergo at least six (6) weeks of training from CDL.

39. All new Driving Instructor Trainees at CDL during the past three (3) years were compensated a flat $700.00 per week during the six (6) week training period regardless of the hours they worked each week of the training period.

40. The unlawful compensation policy implemented and enforced by CDL, A. HANLEY, and M. HANLEY, affected the overtime wages of Plaintiffs and similarly situated driving instructors.

41. On information and belief, dozens (if not hundreds) of driving instructors in the United States have fallen victim to the Defendants' violations during the past three (3) years as these Driving Instructor Trainees worked in excess of forty (40) hours per week without receiving proper overtime compensation under federal law.

42. The Defendants were expressly aware of the overtime work performed by MEJIA and KERTESZ, and all others similarly situated, but nevertheless required MEJIA and

KERTESZ, and others similarly situated, to continue working without receiving the proper overtime rate for any hours worked in excess of forty (40) during the relevant period.

43. The Defendants refused to pay MEJIA and KERTEZ, and all other similarly situated Driving Instructor Trainees, proper overtime compensation required at the federally mandated rate of time-and-one-half for work exceeding forty (40) hours per week during their six (6) week period of training.

44. As a result of the Defendants' intentional and willful failure to comply with the FLSA, MEJIA and KERTESZ have been required to retain the undersigned counsel and are therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*
**(Against All Defendants)**

45. MEJIA and KERTESZ hereby re-allege and re-avers Paragraphs 1 through 44 as though set forth fully herein.

46. MEJIA and KERTESZ allege this collective action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

47. During the six (6) week training period immediately after their hire, MEJIA and KERTESZ worked over forty (40) hours per week, for which they were not properly compensated.

48. MEJIA and KERTESZ, and all others similarly situated, are entitled to recover statutorily prescribed federal overtime wages at a rate of half-time per hour, for all hours worked in excess of forty (40) per week.

49. MEJIA and KERTESZ, therefore claim the half-time rate for each hour worked in excess of forty (40) per week during the training period, on behalf of themselves, and all others similarly situated.

50. Defendants willfully and intentionally refused to pay MEJIA's and KERTESZ's and all other similarly situated employees' overtime wages as required by the FLSA, as Defendants knew of the overtime requirements of the FLSA and recklessly failed to investigate whether CDL's payroll practices were in accordance with the FLSA.

51. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years for MEJIA and KERTESZ and all others similarly situated.

52. As a result of the violations alleged herein, Plaintiffs were required to retain the undersigned counsel and are therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiffs, ANDRE MEJIA, and CHRIS KERTESZ, respectfully request that this Honorable Court enter judgment in their favor and against Defendants, COMMERCIAL DRIVER'S LICENSE SCHOOL INC., ALBERT V. HANLEY III and MICHAEL HANLEY, and award Plaintiffs: (a) double unpaid overtime wages as provided by the FLSA to be paid by the Defendants, COMMERCIAL DRIVER'S LICENSE SCHOOL INC., ALBERT HANLEY III, and MICHAEL HANLEY, jointly and severally; (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs, ANDRE MEJIA, and CHRIS KERTESZ, hereby request and demand a trial by jury on all appropriate claims.

Dated this 7th day of February 2020.

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
(954) 871-0050
*Counsel for Plaintiffs*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
*jordan@jordanrichardspllc.com*
*melissa@jordanrichardspllc.com*
*jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing motion was filed through CM/ECF this 7th of February, 2020.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST