**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:20-cv-20575-KMM**

ANDRE MEJIA, CHRIS KERTESZ,
and all others similarly situated individuals
pursuant to 29 U.S.C. 216(b),

    Plaintiffs,

    v.

COMMERCIAL DRIVER'S LICENSE
SCHOOL, INC., et. al.,

    Defendants.
_____/

**JOINT MOTION FOR COURT APPROVAL OF FLSA SETTLEMENT**
**AND FOR ORDER OF DISMISSAL WITH PREJUDICE**

COMES NOW, Plaintiffs, ANDRE MEJIA and CHRIS KERTESZ ("Plaintiffs") and Defendants, COMMERCIAL DRIVER'S LICENSE SCHOOL, INC., ("CDL") ALBERT V. HANLEY III ("A. HANLEY"), and MICHAEL HANLEY ("M. HANLEY"), (collectively, "Defendants") (Plaintiffs and Defendants are hereinafter referred to as "the Parties"), by and through their respective undersigned counsel, to file their Joint Motion for Court Approval of FLSA Settlement and For Order of Dismissal with Prejudice, as follows:

**I.**  **FACTUAL BACKGROUND**

Plaintiffs filed the Collective Action Complaint against Defendants on February 7, 2020. *D.E. 1*. The Collective Action Complaint alleged one (1) count against all Defendants: (i) federal overtime violations under the Fair Labor Standards Act ("FLSA"). *Id.* On March 31, 2020, Defendants CDL and A. HANLEY served each respective Plaintiff with a Rule 68 Offer of Judgment and tendered 100% of the unliquidated **and** liquidated damages alleged in this case.

*D.E. 42; D.E. 43.*  Plaintiffs immediately accepted the Offers of Judgment and each Plaintiff filed a Notice of Acceptance on April 1, 2020.  *Id.*

Further, Plaintiffs' attorneys' fees and costs have been negotiated independently and separately from the amounts tendered to Plaintiffs on March 31, 2020.  Declarations and lodestars provided by Plaintiffs' counsel are submitted as Exhibits "B," "C," and "D."  Defendants disputed that the amount of fees identified by Plaintiffs' counsel were reasonable or recoverable.  However, in an effort to avoid costs associated with further litigating the issue, the Parties have now negotiated a full and final settlement including the payment of attorney's fees and costs and submit this agreement for Court review pursuant to Lynn's Food Stores, Inc. v. U.S. Dept. of Labor, 679 F.2d 1350, 1355 (11th Cir. 1982).  *See* Executed Settlement Agreement attached hereto as Exhibit "A."  Defendants seek to resolve the claims without any admission that Plaintiffs were not properly compensated while employed by CDL and/or A. HANLEY and/or M. HANLEY.  A proposed order in connection with this Motion has also been attached.  The Parties respectfully request that this Honorable Court approve their Settlement Agreement, grant their Motion for Court Approval of FLSA Settlement and For Order of Dismissal with Prejudice, and retain jurisdiction to enforce the terms of the agreement for up to ninety (90) days.

**II.    MEMORANDUM OF LAW**

Unlike many other legal claims, parties may not bargain away the FLSA's protections.  *See* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for").  There are only two ways in which back wages claims arising under the FLSA can be settled or compromised by

employees. *See, e.g.,* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.*

When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *See, e.g.,* Mercado v. Snyder., 2015 WL 11142629 at *1 (S.D. Fla. Dec. 11, 2015) (Rosenberg, J.) *citing* Lynn's Food Stores, Inc., 679 F.2d at 1353-55 (Court should determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute"); Perez v. PJ'S Land Clearing & Excavating, Inc., 2012 WL 1290332 at *1 (S.D. Fla. Nov. 20, 2012)(Brannon. J) (recommending approval of FLSA Settlement Agreement upon finding that the settlement was a fair and reasonable resolution of a bona fide dispute over FLSA provisions); Dell Valle v. Digital Risk, LLC, 2014 WL 5038617, at *1 (M.D. Fla. Sept. 29, 2014) (Presnell, J.) (adopting Magistrate Judge Kelly's Report and Recommendation for approval of FLSA Joint Settlement Agreement where attorneys received $10,000 out of a total settlement of $20,000); Dalton v. Physicians Stat Lab, Inc., 2019 WL 1093438 at *2 (M.D. Fla. Feb. 6, 2019) (Conway, J.) (adopting report and recommendation to approve FLSA settlement agreement when Plaintiff recovered half of damages claimed in Answer to Court's Interrogatories and finding fees were fair and reasonable when they were negotiated without regard to amount Plaintiff agreed to accept in the settlement); Jenkins v. Associated P'ship, Ltd., Inc., 2010 WL 375936 (M.D. Fla. Jan 25, 2010) (Presnell J.) (adopting report and recommendation for approval of settlement agreement and for dismissal with prejudice in an FLSA matter where Plaintiff's attorney received $20,000 in

fees and costs, and Plaintiff received $10,000 for unpaid wages and liquidated damages). If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, such as FLSA coverage or computation of back wages, the district court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation. *See* Lynn's Food Stores, Inc., 679 F.2d at 1353.

Here, the Parties respectfully submit that the terms set forth within the Settlement Agreement entered into between the parties was a "fair and reasonable resolution" of the FLSA claims asserted in this case. *Exhibit "A."* Plaintiffs have recovered 100% of the unliquidated **and** liquidated wages sought in this case. *D.E. 42; D.E. 43*. Defendants and Counsel for Plaintiffs separately negotiated attorneys' fees and costs without compromising Plaintiffs' claims.[1] *See, e.g.*, Huertas v. Competitive Edge Group, Inc., et. al., M.D. Fla. Case No. 6:19-cv-915-CEM-GJK (Attorney's fees deemed reasonable in light of firm's detailed time records and the fact that fees were negotiated separately from plaintiff's recovery); *see also* Anderson v. AE Outfitters Retail Co., 2016 WL 6705199 at *1 (S.D. Fla. Feb. 11, 2016) (Rosenberg, J) (Judge Rosenberg requiring counsel to submit loadstar to review fairness of attorneys' fees); *see also* McGee v. Family Dollar Stores of Florida, Inc., 2016 WL 687622 at *2 (S.D. Fla. Feb. 19, 2016) (Rosenberg, J) (Judge Rosenberg explaining that counsel should submit an affidavit to support the reasonableness of the amount of attorneys' fees sought). Here, counsel for Plaintiffs agreed to accept nearly 50% less than the fee amount reflected in Plaintiffs' counsel's lodestar in order to obtain a swift resolution on the issue of attorney's fees and costs. *Exhibit "A;" Exhibit "B;" Exhibit "C;" Exhibit "D."*

---

[1] According to Plaintiff's counsel's internal calculations, counsel for Plaintiffs incurred more than thirty thousand ($30,000.00) dollars prosecuting Plaintiffs' claims. Defendants dispute that this amount is reasonable or recoverable. In order to expedite Plaintiffs' settlement, counsel for Plaintiffs separately negotiated to accept a total of fifteen thousand ($15,000.00) dollars in attorneys' fees and costs which constitutes a more than 50% reduction.

In total, Plaintiffs' counsel will receive attorneys' fees and costs in the amount of $15,000.00. *Exhibit "A."* This amount is broken down as $14,340.00 in fees and costs in the amount of $660.00. *Id.* This $15,000.00 payment will be submitted over the course of three (3) payments as reflected in the Settlement Agreement. *Id.* Plaintiffs' counsel has attached declarations from Mr. Richards, Ms. Scott, and Mr. Blumstein with their accompanying lodestars. *Exhibit "B;" Exhibit "C;" Exhibit "D."* The hourly rates billed by Plaintiffs' counsel have been previously approved by numerous courts in the Southern District of Florida (including Your Honor). *See, e.g.,* Jiminez v. Alpine Towing, *S.D. Fla. Case No. 1:19-cv-21643-KMM* (Judge Moore approved Mr. Richards at $350/hour and Ms. Scott at $225/hour in FLSA case); Fish v. Ely's Tire Inc., et. al., *S.D. Fla. Case No. 0:19-cv-61068-KMM* (Mr. Richards approved at $350/hour and Ms. Scott at $225/hour in FLSA case); Conrey v. Bagel Way Kosher Way, *S.D. Fla. Case No. 1:18-cv-22795-DPG* (Mr. Richards approved at $400/hour in FLSA case); Carey v. EWPB LLC, *S.D. Fla. Case No. 9:19-cv-80811-DMM* (Judge Middlebrooks approved Mr. Richards at $350/hour and acknowledged that this is imminently reasonable because other courts have approved him at $400/hour and approved Ms. Scott at $225/hour based on her experience). There are no confidentiality or general release provisions contained within the Settlement Agreement that would violate public policy or the spirit of the FLSA. The Parties have negotiated a payment through counsel that is satisfactory to the Parties and their counsel. The recovery obtained by Plaintiffs – 100% of the unliquidated and liquidated damages alleged in this case – is a complete and full recovery of wages Plaintiffs claim are owed from their employment with Defendants. The undersigned counsel, who are experienced in wage and hour matters, view the reached-upon settlement as a fair outcome for the Parties. Because of the foregoing reasons, the settlement terms represent a fair and equitable resolution of this matter in light of the contested issues in this case.

### III. CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Parties respectfully request that this Honorable Court approve the FLSA Settlement Agreement attached hereto, dismiss the case with prejudice, and retain jurisdiction over enforcement of the Settlement Agreement for up to ninety (90) days.

Respectfully Submitted,

| | |
|---|---|
| **DUANE MORRIS LLP** | **USA EMPLOYMENT LAWYERS** |
| *Counsel for CDL and A. Hanley* | **JORDAN RICHARDS, PLLC** |
| 201 S. Biscayne Blvd. Suite 3400 | *Counsel for Plaintiffs* |
| Miami, Florida 33131 | 805 E. Broward Blvd. Suite 301 |
| Tel: (305) 960-2200 | Fort Lauderdale, Florida 33301 |
| | Telephone: (954) 871-0050 |
| By: /s/ *Kevin Vance, Esq.* | By:/s/ *Jordan Richards, Esq.* |
| **PHILLIP HUDSON, ESQUIRE** | **JORDAN RICHARDS, ESQUIRE** |
| Fla. Bar No. 518743 | Fla. Bar No. 108372 |
| **KEVIN VANCE, ESQUIRE** | **MELISSA SCOTT, ESQUIRE** |
| Fla. Bar No. 670464 | Fla. Bar No. 1010123 |
| *pmhudson@duanemorris.com* | **JAKE BLUMSTEIN, ESQUIRE** |
| *kevance@duanemorris.com* | Florida Bar No. 1017746 |
| | *jordan@jordanrichardspllc.com* |
| | *melissa@jordanrichardspllc.com* |
| | *jake@jordanrichardspllc.com* |
| **HARRY N. TURK, P.A.** | **WEINSTEIN & COHEN, P.A.** |
| *Co-Counsel for M. Hanley* | *Co-Counsel for M. Hanley* |
| One S.E. 3rd Ave. Ste. 2900 | 14125 N.W. 80th Avenue, Ste. 400 |
| Miami, Florida 33131 | Miami Lakes, Florida 33016 |
| Tel: (305) 350-2223 | Tel: (305) 374-1011 |
| By: */s/ Harry N. Turk, Esq.* | By: */s/ Judson L. Cohen, Esq.* |
| **HARRY N. TURK, ESQ.** | **JUDSON L. COHEN, ESQ.** |
| Florida Bar No. 120596 | Florida Bar No. 948748 |
| *Hturk@turklaw.org* | *jcohen@weinsteincohen.com* |